UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA SUE M. BARLOW,

    Plaintiff,

v.                                        Case No. 06-CV-14313-DT

K.L. HARRING TRANSPORTATION, and
EDWARD C. ADAMS,

    Defendants.
                                         /

## OPINION AND ORDER DISMISSING CASE

On September 29, 2006, Plaintiff "Melissa Sue M. Barlow, a minor, by her Next Friend, Erik E. Hoffman," initiated the above-captioned matter in this court. (Pl.'s Compl. at 1.) Plaintiff's complaint alleges subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, but does not adequately allege the citizenship of Defendant K.L. Harring Transportation. Plaintiff merely avers that K.L. Harring Transportation "is a foreign corporation authorized to do business in the City of Port Huron, County of St. Clair, and State of Michigan, by virtue of the Statutes of the State of Michigan and was at all times material hereto, doing business as Plaintiff is informed and believes." (*Id.*)

For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and, additionally, of the state in which it has its principal place of business. 28 U.S.C. § 1332(c). Plaintiff's complaint neither indicates where Defendant K.L. Harring Transportation's principal place of business is located, nor does the complaint indicate its state of incorporation. The court therefore issued its October

26, 2006 order to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

On October 30, 2006, Plaintiff caused to be electronically filed on the court's docket a letter that appears intended to be in response to the court's show cause order. The letter was "signed," using the "s/" signature form required of attorneys who are filing users of the court's CM/ECF electronic filing system, by one Joyce P. Luxton, a legal assistant to Plaintiff's attorney of record. Attached to the letter as an exhibit was a document entitled "FMCSA Motor Carrier" and referred to in the letter as a "run sheet," listing Defendant K.L. Harring Transportation's "business address" as a Post Office box located somewhere in Pennsylvania.

The October 30, 2006, legal assistant's letter is an inappropriately-filed document and is utterly insufficient to constitute a response in either substance or form. As an initial matter, the court did not invite, and does not permit, prosecution or defense of a case by letter communication. *See Eastern District of Michigan Civility Plan, Attorneys' Responsibility to the Court,* Section (6)("We will not send letters to the Court . . . that contain argument . . . in connection with a pending action, unless invited or permitted by the Court . . . ") The court clearly called for a Response to an Order to Show Cause. Secondly, even if a letter were called for, the letter proffered is improper in that it was electronically "signed" only by a legal assistant, and not an attorney of record as required by Federal Rule of Civil Procedure 11 and Local Rule 83.20. Legal assistants are not yet permitted to practice law in this court, and therefore the court has before it no attorney who can be held responsible under Rule 11 for factual statements or possible misstatements made in the instant letter.

Additionally, even if the letter were acceptable to the court and properly signed by an attorney of record, it fails on the merits adequately to respond to the court's concern.  The letter and supporting document simply provide the court with a Pennsylvania Post Office box, purportedly that of Defendant K.L. Harring Transportation's business address.  A document listing a corporate defendant's business address is wholly insufficient to establish either its place of incorporation or its principal place of business, because "[t]he mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction."  *Johnson v. Pharmacia & Upjohn Co.*, No. 99-96, 1999 WL 1005653 at *4 (W.D. Mich. Oct. 12 1999); see *also Riggs v. Island Creek Coal Co.,* 542 F.2d 339, 342 (6th Cir. 1976) (finding that even a corporation's headquarters does not "invariably govern the location of its principal place of business").

Plaintiff has failed to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  Accordingly,

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

                                                S/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: October 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2006, by electronic and/or ordinary mail.
S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

10/31/06:S:\Cleland\JUDGE'S DESK\C1 ORDERS\06-14313.BARLOW.DismissImproperResponse.wpd